IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SINDA RENEE DUBOIS                                                                           PLAINTIFF

vs.                                       Civil No. 3:09-cv-03025

MICHAEL J. ASTRUE                                                                         DEFENDANT
Commissioner, Social Security Administration

# MEMORANDUM OPINION

Sinda Renee DuBois ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff filed her applications for DIB and SSI on May 2, 2006.  (Tr. 12).  Plaintiff alleged she was disabled due to chest pain, pain in back and arms, and shortness of breath.  (Tr. 56, 72).

---

[1] The docket numbers for this case are referenced by the designation "Doc No."  The transcript pages for this case are referenced by the designation "Tr."

Plaintiff alleged an onset date of November 30, 2004. (Tr. 56). These applications were initially denied on October 4, 2006 and were denied again on reconsideration on March 2, 2007. (Tr. 114-118).

On April 23, 2007, Plaintiff requested an administrative hearing on her applications. (Tr. 33). This hearing was held on April 16, 2008 in Harrison, Arkansas. (Tr. 120-161). Plaintiff was present and was represented by counsel, Ashley Hunt, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing. *See id*. On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had an 11th grade education. (Tr. 126).

On July 31, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 12-19). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 30, 2004. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the severe impairments of substance addiction alcohol, coronary artery disease, and question of alcoholic seizure activity. (Tr. 14, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-17). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found her claimed limitations were not totally credible. (Tr. 16). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC to

perform a wide range of sedentary work subject to an ability to lift and/or carry less than ten pounds frequently or ten pounds occasionally; stand and/or walk for a total of two hours in an eight-hour workday; sit for a total of six hours; occasionally climb ramps and stairs, stoop, bend, crouch, crawl, kneel, and balance; perform work that does not require driving; an inability to climb scaffolds, ladders, or ropes, and to work around unprotected heights, dangerous equipment, and machines. (Tr. 14-15, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy. (Tr. 17-18, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 126-133, 136-139, 157-160). Based upon this testimony, the ALJ determined, considering her RFC, that Plaintiff would be unable to perform her PRW. (Tr. 17, Finding 6).

However, the ALJ determined Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 18, Finding 10). Specifically, the VE testified Plaintiff would be able to perform work as director of state assessed property and manager of housing project with approximately 48,000 such jobs in the nation and 215 such jobs in Arkansas, and work as production worker and touch up screener with approximately 106,000 such jobs in the nation, and 1,500 such jobs in Arkansas. (Tr. 158-159). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act since November 30, 2004, which was the date the application was filed. (Tr. 19, Finding 11).

On August 15, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.968. On January 14, 2009, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 2-4). On March 24, 2009, Plaintiff filed the

present appeal. (Doc No. 1). The parties consented to the jurisdiction of this Court on April 9, 2009. (Doc No. 2). Both parties have filed appeal briefs. (Doc Nos. 8,9). This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming (1) the ALJ failed to properly consider the combined effects of Plaintiff's impairments, (2) the ALJ erred in her evaluation of Plaintiff's subjective complaints of pain and erred in her evaluation of Plaintiff's credibility, (3) the ALJ erred in her RFC assessment, and (4) the ALJ failed to properly develop the record. In response, Defendant argues (1) the ALJ properly consider the combined effects of Plaintiff's impairments, (2) the ALJ properly considered Plaintiff's subjective complaints of pain, (3) the ALJ properly

5

determined Plaintiff's RFC, and (4) the ALJ properly developed the record.

### A.  Combination of Impairments

Plaintiff argues the ALJ erred by failing to consider all of her impairments in combination. However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  *See* 20 C.F.R. § 404.1523 (2006).  In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  (Tr. 14, Finding 4) (emphasis added).  The ALJ also evaluated Plaintiff's medical records, examined Plaintiff's impairments, and found Plaintiff had a combination of severe impairments.  (Tr. 15-17).  These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments.  *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination.  Plaintiff has alleged she suffers from a number of impairments.  However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems.  The ALJ's opinion sufficiently indicates the

ALJ properly considered the combined effects of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### B. Credibility Determination

Plaintiff claims the ALJ erred in evaluating her subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In her opinion, the ALJ addressed the factors of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 16-17). Specifically, the ALJ noted the following: (1) with the exception of a hospital stay in November 2004, and follow-up referral notes in January 2005 from cardiac specialist Mohammed Murtaza, M.D., who recommended open heart surgery, there is no medical evidence of any treatment for Plaintiff's allegedly disabling symptoms, (2) the evidence shows Plaintiff's disability applications were denied at the initial and reconsideration levels due to failure to keep two scheduled consultative general physical examinations, (3) although Plaintiff alleged she was unable to afford medical care, there is no evidence that medical personnel refused or denied treatment to Plaintiff due to a lack of financial resources, and Plaintiff smoked a pack of cigarettes daily, (4) the medical records revealed Plaintiff had been noncompliant in her treatment, (5) Plaintiff's only medication was aspirin once a day, and (6) Plaintiff's daily activities diminished her credibility in that she made weekly trips to

and from Branson, MO, cared for her elderly parents, and performed household tasks such as cooking, shopping, doing the laundry, making the beds, and loading the dishwasher. (Tr. 16-17).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### C. RFC Determination

Plaintiff claims the medical evidence does not support the ALJ's RFC finding that Plaintiff could perform work at the sedentary level. Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform work at the sedentary level.

This Court finds the ALJ's RFC determination is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for her RFC determination. Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the

9

workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff retained the RFC to perform work at a wide range of sedentary work subject to an ability to lift and/or carry less than ten pounds frequently or ten pounds occasionally; stand and/or walk for a total of two hours in an eight-hour workday; sit for a total of six hours; occasionally climb ramps and stairs, stoop, bend, crouch, crawl, kneel, and balance; perform work that does not require driving; an inability to climb scaffolds, ladders, or ropes, and to work around unprotected heights, dangerous equipment, and machines. (Tr. 14-15, Finding 5).

The ALJ found Plaintiff's medical evidence did not support a claim of disabling impairment. (Tr. 16). On November 8, 2004, Plaintiff was admitted to the Skaggs Community Health Center with complaints of chest pain. Plaintiff was diagnosed with nonacute myocardial infarction. (Tr. 90). Plaintiff was also diagnosed with tobacco and alcohol abuse. (Tr. 87). On November 10, 2004 Plaintiff had a cardiac catheterization. (Tr. 93). Plaintiff was discharged on November 12, 2004 in stable condition. On discharge, Plaintiff was diagnosed with minimal coronary artery disease and a history of alcohol abuse. (Tr. 82).

On January 4, 2005, Plaintiff was seen by Dr. Mohammed Murtaza. (Tr. 111-112). Dr Murtaza indicated Plaintiff symptoms were typical for angina and recommended coronary bypass graft surgery. (Tr. 112). Plaintiff indicated she wanted to take a week or two before making a decision on having surgery. (Tr. 112). As the ALJ noted, there were no further record of Plaintiff having any additional medical treatment after this visit with Dr. Murtaza. (Tr. 16).

The ALJ also noted that no physician placed any functional restrictions on Plaintiff's

activities that would preclude Plaintiff from performing a wide range of sedentary work. (Tr. 17). Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds that the ALJ's RFC determination should be affirmed.

### D. Duty to Fully Develop the Record

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ failed to obtain a Physical RFC Assessment and failed to obtain a Psychiatric Review Technique Form, Mental RFC Assessment, or a consultative psychiatric examination, and as a result the ALJ failed in the duty to properly develop the record.

Plaintiff has failed to establish that the medical records presented do not provide sufficient

11

medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). Plaintiff's medical records were limited and showed no treatment for her alleged disabilities after January 2005. (Tr. 16). Furthermore, as noted by the ALJ, Plaintiff failed to keep two scheduled consultative general physical examinations which were requested by the state disability determination agency. (Tr. 16). Also, Plaintiff failed to keep a referral appointment with a cardiothoracic surgeon which was requested by Plaintiff's treating physician. (Tr. 16).

Plaintiff also argues she had a mental impairment and the ALJ erred by not obtaining a Psychiatric Review Technique Form, Mental RFC Assessment, or a consultative psychiatric examination. However, the record contains no evidence Plaintiff had a mental impairment, nor is there any medical evidence supporting such a claim. Additionally, Plaintiff fails to state how her alleged mental impairments affected her ability to function.

Furthermore, Plaintiff has failed to show she was in anyway prejudice or treated unfairly by the ALJ , if the record was not in fact fully and fairly developed.

I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **14th day of July, 2010.**

                                        /s/   Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE